UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUSSELL W. ORR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:11-cv-01471-TWP-MJD |
| MICHAEL ASTRUE, Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. | |

**ENTRY ON MOTION FOR ATTORNEYS' FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on the motion by Plaintiff Russell W. Orr ("Mr. Orr") for an award of attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Court remanded this matter to the Commissioner of the Social Security Administration ("Commissioner"), based on an agreement by the parties that the case should be remanded for further proceedings. Mr. Orr seeks an award of $5,071.04 at a rate of $176.25 in 2011 and $179.55 in 2012 per hour for 28.3 hours. Mr. Orr has assigned his right to the fee to counsel. For the reasons discussed below, Ms. Orr's Motion for Award of Attorneys' Fees (Dkt. 29), is **GRANTED in part**, pending further action.

**I. DISCUSSION**

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) his attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. Financial means tests also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a

person seeking disability benefits under the Social Security Act. The party's motion to recover his fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A).

The Commissioner opposes Mr. Orr's fee request solely on the ground that Mr. Orr has not shown that an increase in the cost of living since 1996 or a special factor (such as the limited availability of qualified attorneys) justifies a rate over $125.00, as addressed by the Seventh Circuit in *Mathews–Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011).

The EAJA allows attorneys' fees at "prevailing market rates," but subject to a cap. The ceiling is $125.00 per hour "unless the court determines that an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). In *Mathews-Sheets*, the court found that the EAJA does not automatically entitle an attorney to an inflation adjustment, and one is not presumed even though the $125.00 cap rate was set in March 1996. The court stated that "[i]nflation affects different markets, and different costs in the same market, in different ways," and a lawyer seeking an adjustment because of an increase in the cost of living must show that "inflation has increased the cost of providing adequate legal service to the person seeking relief against the government." *Mathews-Sheets*, 653 F.3d at 563. *Mathews-Sheets* requires a claimant to show something more than an increase in the lawyer's hourly rate based solely upon an increase in the Consumer Price Index ("CPI"). "An inflation adjustment must . . .

2

be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id.* at 563-64.

The *Mathews-Sheets* decision does not prescribe any particular manner in which a lawyer might demonstrate that inflation has increased the cost of legal services available to persons seeking redress against the government, and courts have admittedly struggled to establish a definitive set of factors that must be demonstrated. *See Gonzales v. Astrue*, No. 1:10-cv-00899-DML-TWP, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012). The courts in this district have articulated several examples of factors that may be shown in order to demonstrate specifically how inflation has increased an attorney's costs in providing legal services. Counsel may produce evidence of increased costs of overhead, including rent, supplies, continuing legal education, online legal research or legal staff's salaries, and how the lawyer's fees for non-contingency cases have increased since 1996, as well as affidavits from attorneys who charge above the $125.00 statutory rate in non-contingency social security cases. *See e.g.*, *Baldwin v. Astrue*, No. 1:11-cv-00444-RLY-DKL, Dkt. 30 (S.D. Ind. May 3, 2012) (citing *Scott v. Astrue*, No. 08-C-5882, 2012 WL 527523 (N.D. Ill. Feb 16, 2012)); *but cf. Mathews-Sheets v. Astrue*, No. 1:08-cv-1426-WTL-DML, 2012 WL 566108, at *2-3 (S.D. Ind. Feb. 21, 2012) (simply listing increased costs without explaining to what extent these were due to inflation deemed insufficient to justify increased hourly rate). Though this list is not exhaustive, essentially the lawyer must show that inflation has had an impact on the costs of providing legal services to social security claimants, not just that the CPI alone warrants a general increase.

The Commissioner contends that a lawyer must present proof that without a cost-of-living increase, no lawyer can be found in the relevant geographical area to competently handle the client's judicial challenge to the denial of disability benefits. Although a sentence can be

3

extracted from the opinion in *Mathews-Sheets* to support this argument, the Seventh Circuit noted that the merging of these two separate bases to justify an increased hourly rate under the EAJA is not the correct standard. *Id.* at 565 ("It might seem that because the cost of living special factor is not automatic, the two enumerated special factors merge; the lawyer arguing for a cost of living increase must show limited availability of lawyers able to handle such a case. But that is not correct."). *Mathews-Sheets* does not limit the availability of a fee higher than $125.00 based on an increase in the cost of living only where the lawyer can prove that qualified attorneys would not otherwise be available. The limited availability of qualified attorneys is simply an example of a "special factor" that may be shown to justify an increased hourly rate. 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, *such as* the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.") (emphasis added).

Here, the evidence provided by Mr. Orr to establish a higher fee includes the CPI, the Producer Price Index Industry Data for lawyers between 1998 and 2011—showing an increase in legal fees—and the Indianapolis locality salary tables for government attorneys. However, this evidence does not satisfy *Mathews-Sheets*, in that it does not answer the question of how inflation since 1996 has affected the cost of providing legal services by this attorney; it only tells the Court that there has been inflation and an increase in legal fees generally. The Court agrees, however, that $125.00 per hour is not an appropriate rate, and that there has certainly been inflation since this rate was set in 1996. Nevertheless, the Court is bound to follow the requirements articulated by the Seventh Circuit in *Mathews-Sheets*. Therefore, Mr. Orr shall have fourteen (14) days from the date of entry of this order to provide the Court and the

Commissioner with additional personalized causational information in support of the requested hourly rates. The Court directs counsel's attention to the examples listed above for guidance.

Additionally, the Commissioner contends that the Court should not direct the fees to be paid directly to Mr. Orr's counsel, because EAJA fees belong to the plaintiff and any fees awarded may be offset by an existing debt to the Government. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2526–27 (2010). The Commissioner has not to date shown the Court that Mr. Orr owes a pre-existing debt to the Government, and the Court has not yet granted Mr. Orr's request. But generally speaking, in cases where there is a valid assignment in favor of the claimant's attorney, the Commissioner will be afforded a reasonable period of time after the fees have been awarded to the claimant to pay the fees directly to the claimant's attorney, unless within that period of time the Commissioner files a statement with the Court, along with supporting evidence, that the claimant owes an outstanding debt to the government as of the date of the award and will exercise its right of offset.

## II.  CONCLUSION

Mr. Orr's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Dkt. 29) is **GRANTED in part**. Mr. Orr shall have fourteen (14) days from the date of entry of this order to provide the Court and the Commissioner with additional causational information in support of the requested hourly rates.

**SO ORDERED**.

Date: 05/01/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Annette Lee Rutkowski
LAW OFFICES OF ANNETTE RUTKOWSKI
Anetrutkowski@gmail.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov