UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUSSELL W. ORR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:11-cv-01471-TWP-MJD |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant.[1] ) | |

**ENTRY ON EAJA FEES**

This matter is before the Court on Mr. Orr's Response (Dkt. 40) to the Court's May 1, 2013 Entry granting in part his petition for attorney's fees under the Equal Access to Justice Act ("EAJA") (Dkt. 39). The Court ordered Mr. Orr to provide the additional causational information in support of the requested hourly rates, $176.25 for 2011 and $179.55 for 2012. Mr. Orr requested a total of $5,071.04 in fees to be paid directly to his attorney.

*Mathews–Sheets v. Astrue*, 653 F.3d 560, 563–64 (7th Cir. 2011) requires a claimant seeking an increase of the $125.00 cap rate to justify an increase "by reference to the particular circumstances of the lawyer seeking the increase." As was discussed in the May 1, 2013 Entry, courts in this district have articulated several examples of factors that may be shown in order to demonstrate specifically how inflation has increased an attorney's costs in providing legal services. Counsel may produce evidence of increased costs of overhead, including rent, supplies, continuing legal education, online legal research or legal staff's salaries, and how the lawyer's fees for non-contingency cases have increased since 1996, as well as affidavits from attorneys

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of the Social Security Administration. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the Defendant in this suit. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g).

who charge above the $125.00 statutory rate in non-contingency social security cases. *See e.g.*, *Baldwin v. Astrue*, No. 1:11-cv-00444-RLY-DKL, Dkt. 30 (S.D. Ind. May 3, 2012) (citing *Scott v. Astrue*, No. 08-C-5882, 2012 WL 527523 (N.D. Ill. Feb 16, 2012)). When such information is included in an initial fee request, the Court will grant appropriate increases without ordering claimants to file a supplemental response.

In this case, Mr. Orr's attorney states that she is unable to provide the Court information about how her personal costs have increased, but submits two affidavits from attorneys practicing in disability cases within the Seventh Circuit. Affidavits of this type have been found as sufficient evidence by courts in this Circuit, and the Court likewise finds that the affidavits of Fred Daley and Barry Shulz are sufficient to justify an increased rate in this case. Further, had Mr. Orr's attorney submitted such affidavits with her initial petition, it may have obviated the Government's need to file an objection.

Therefore, the Court **ORDERS** the Commissioner to pay **$5,071.04** to Mr. Orr's counsel, unless within **thirty (30) days** the Commissioner files a statement with the Court, along with supporting evidence, that Mr. Orr owes an outstanding debt to the government as of the date of the award and it will exercise its right of offset. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2526–27 (2010).

**SO ORDERED.**

Date: 05/20/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

2

DISTRIBUTION:

Annette Lee Rutkowski
LAW OFFICES OF ANNETTE RUTKOWSKI
anetrutkowski@gmail.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov